UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUI MEI YANG,

                Plaintiff,

-against-

UR MENDOZA JADDOU, Director of
United States Citizenship and Immigration
Service; MERRICK GARDLAND,
Attorney General of the United States,

                Defendants.

21-CV-8442 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Queens County, New York, alleges that the United States Citizenship and Immigration Service (CIS) has unreasonably delayed adjudicating the I-730 Refugee Asylee Relative Petition that she filed in 2018 for her son. She brings this action under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), and seeks a writ of mandamus directing CIS to determine the I-730 petition. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

    A suit against the federal government or a federal official acting in his or her official capacity can be brought in any judicial district where (a) "a defendant in the action resides"; (b) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (c) "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1); *see also N-N v. Mayorkas*, _F. Supp. 3d _, 2021 WL 1997033, * 6 (E.D.N.Y. May 18, 2021) ("In a lawsuit brought under the APA, venue is governed by 28 U.S.C. § 1391(e).").

    Plaintiff sues CIS Director Ur Mendoza Jaddou and United States Attorney General Merrick Garland, neither of whom resides in this district. Plaintiff resides in Queens County,

New York, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Plaintiff attaches a document stating that preliminary review of her I-730 petition, which was submitted to CIS in Texas, has been completed and it has been transferred to an international operations division in Anaheim, California. (ECF 2 at 8.) Nothing in the complaint suggests that any part of the events giving rise to Plaintiff's claim took place in this district. Venue therefore does not appear to lie in this district under Section 1391(e)(1)(b).

Because Plaintiff resides in Queens County, New York, venue is proper in the Eastern District of New York under Section 1391(e)(1)(c). Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  October 14, 2021
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge